IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NORMA DALE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 06-cv-1036-MJR |
| | ) |
| J.C. PENNEY CORPORATION, INC., | ) |
| and MICHAEL MERCHANT, | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM and ORDER

REAGAN, District Judge:

  Removed from the Circuit Court of Madison County, Illinois on December 21, 2006, this personal injury case comes before the undersigned Judge for threshold review. The purpose of such review is to determine whether subject matter jurisdiction lies, since "ensuring the existence of subject matter jurisdiction is the court's first duty in every lawsuit." *McCready v. White*, 417 F.3d 700, 702 (7th Cir. 2005), *citing Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998).

  J.C. Penney ("Penney") removed the action to this Court, and as the party invoking federal jurisdiction bears the burden of demonstrating its existence. *Hart v. FedEx Ground Package System, Inc.*, 457 F.3d 675, 679 (7th Cir. 2006), *citing Steel Co.*, 523 U.S. at 104; *American Bankers Life Assur. Co. of Florida v. Evans*, 319 F.3d 907, 909 (7th Cir.2003); and *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 373-74 (7th Cir.1993).

Penney's removal notice asserts that jurisdiction lies under the federal diversity statute, 28 U.S.C. § 1332. That statute confers original jurisdiction over suits in which the amount in controversy exceeds $75,000 (exclusive of interest and costs), and the action is between citizens of different states.

Here, the amount in controversy *may* suffice. Before the case was removed, Plaintiff demanded $250,000 for her injuries. *See* Exhibit B to Doc. 4. Removal was timely. Penney was served with the state court complaint on December 4, 2006 and removed the action on December 21, 2006.[1] The central problem here lies with establishing complete diversity.

First, the removal notice does not properly allege all facts this Court needs to ascertain whether diversity is complete. The notice does not even disclose Plaintiff's citizenship. Presumably, she is an Illinois citizen. That can be *inferred* from the removal notice, but the removing party must clearly identify each party's state(s) of citizenship, and Penney has not done so. Nor has Penney stated where *its* principal place of business is – one aspect of its dual citizenship under § 1332(c). The removal notice informs the Court that Penney is incorporated in Delaware but does not say where Penney's "principal place of business" is. Again, *presumably* the principal place of business is the corporate headquarters location in Texas, but jurisdiction cannot be verified based on inference.

---

[1] CoDefendant Merchant was served November 28, 2006 (Doc. 4, p. 2). So removal occurred within 30 days of his service, as well.

Penney's diversity allegations can be corrected; these defects are not fatal. The Seventh Circuit has instructed district courts to freely grant leave to *amend* defective allegations of subject matter jurisdiction <u>or</u> allow the parties to *brief* jurisdictional issues, rather than *sua sponte* dismissing cases for lack of jurisdiction. *See Leaf v. Supreme Court of Wisconsin*, 979 F.2d 589, 595 (7th Cir. 1992), *cert. denied*, 508 U.S. 941 (1993); *Frey v. E.P.A.*, 270 F.3d 1129, 1131-32 (7th Cir. 2001)("unless the defect is clearly incurable a district court should … allow the parties to argue the jurisdictional issue….").

More problematic, however, is the presence of coDefendant Merchant in the suit. The removal notice advises that Merchant is an Illinois citizen.[2] If Plaintiff is an Illinois citizen, the parties are not completely diverse, and jurisdiction under § 1332 is destroyed – *unless* Merchant was fraudulently joined.

Penney maintains that Merchant (the manager of the J.C. Penney store where Plaintiff fell) was fraudulently joined, because Plaintiff can maintain no cause of action against him individually. *See* Doc. 4, p. 2.

Penney must clear a high hurdle to demonstrate fraudulent joinder. The Seventh Circuit has stressed:

> An out-of-state defendant who wants to remove must bear a
> heavy burden to establish fraudulent joinder. The defendant

---

[2] Actually, the removal notice says Merchant is an "in-state defendant" (Doc. 4, p. 2). The case was filed in Illinois state court and removed to an Illinois-based federal court, so Merchant must be an Illinois citizen. But defense counsel should plainly allege the citizenship of each and every party rather than leaving the Court to cobble together key jurisdictional facts via inference and logic.

> must show that, after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant.

*Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). An alternative test for fraudulent joinder looks for outright fraud in plaintiff's pleading of jurisdictional facts. *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993).

In *Schwartz v. State Farm Mutual Auto Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999), the Seventh Circuit stated that although a plaintiff is normally free to choose his own forum, he may not join an in-state defendant *solely* to defeat federal diversity jurisdiction. "Such joinder is considered fraudulent, and is therefore disregarded, if the out-of-state defendant can show there exists no 'reasonable possibility that a state court would rule against the [in-state] defendant.'" *Id.*, *quoting Poulos*, 959 F.2d at 73.

The question before this Court is – resolving all factual and legal issues in Plaintiff's favor – whether there is a reasonable possibility that an Illinois court would rule against Defendant Merchant on Plaintiff's claims. Penney needs to file an amended removal notice to cure the pleading defects delineated in this Order. Only then will the Court tackle the question of fraudulent joinder and decide whether the requisite "reasonable probability" exists.

The Court **DIRECTS** Defendant Penney to file an Amended Removal Notice clearly stating the citizenship of each and every party (including Penney's "principal place of business," Merchant's citizenship, and Plaintiff's citizenship). The Amended Removal Notice must be filed by **January 12, 2007**.

Case 3:06-cv-01036-MJR-DGW Document 9 Filed 12/27/06 Page 5 of 5 Page ID #40

The Court **DIRECTS** Plaintiff Dale to file a "Jurisdictional Memorandum" addressing (a) the amount in controversy and (b) the fraudulent joinder issue. Plaintiff's Jurisdictional Memorandum must be filed by **January 26, 2007**. Penney already has outlined its position as to fraudulent joinder but may include in the Amended Removal Notice further discussion regarding the amount in controversy.[3]

IT IS SO ORDERED.

DATED this 27th day of December 2006.

        s/ Michael J. Reagan
        MICHAEL J. REAGAN
        United States District Judge

---

[3] The record before the Court indicates that the amount in controversy exceeds $50,000. Questions linger as to whether it exceeds $75,000. This turns on whether Penney has demonstrated "a good faith, minimally reasonable belief" that Plaintiff's claim will result in a judgment in excess of $75,000. *Neuma, Inc. v. AMP, Inc.*, **259 F.3d 864, 881 (7th Cir. 2001).** Plaintiff apparently suffered a fracture of her humerus and "also had hip and leg pain" plus a "temporary intestinal obstruction" as a result of pain medication. She required no surgery and claims no lost wages. *See* Exh. B to Doc. 4.

5